# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JOSE ROSALES,**

        **Plaintiff,**

**-vs-**                                                 **Case No. 6:12-cv-87-Orl-31DAB**

**SEDGWICK CLAIMS MANAGEMENT,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:**      **January 23, 2012**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Plaintiff filed suit *pro se* against Defendant Sedgwick Claims Management. Doc. 1. Although the one-paragraph Complaint lacks detail, Plaintiff is apparently dissatisfied with the outcome of a mediation related to a workers compensation claim being litigated in the state court system. Attached to the Complaint is an exhibit titled, "Mediation Agreement and Report of Settlement" in the State of Florida, Division of Administrative Hearings, Office of the Judges of Compensation Claims, Orlando District Office in a case between Plaintiff and Walgreens, with Sedgwick Claims Management as the carrier, for an accident dated November 2, 2010. Doc. 1-1. In that claim, Plaintiff was apparently represented by counsel, Michael J. Macdonald, Esq.

Plaintiff, who apparently is deaf, has now filed a Complaint in this Court complaining that he was not provided with a sign language interpreter during a "meeting," apparently related to a workers compensation claim while he was represented by counsel. Doc. 1. The Complaint alleges in its entirety:

> I have proof of document the[y] never provide me an interpreter in sign language[.] They refuse to stop meeting told me in writing if stop meeting they not going pay me or see doctor[.] Still never pay me was in meeting for more than 6 hours without interpreter[.] Hey I am deaf[.] I don't read lip[s.] Please your Honor can I request for lawyer. I want to sue $200,000.

Doc. 1 (errors in original; punctuation added for readability). Plaintiff seeks to leave to proceed *in forma pauperis* and to have counsel appointed for him to pursue his claim.

In reviewing an application to proceed *in forma pauperis,* the Court may dismiss the case or refuse to permit it to continue without payment of fees "if the court determines that . . . (B) the action or appeal- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Thus, in order to proceed *in forma pauperis*, Plaintiff must allege a non frivolous cause of action within the limited jurisdiction of the federal courts and the Court may dismiss the case or refuse to permit it to continue without payment of fees if the Plaintiff fails to allege a non frivolous cause of action within the limited jurisdiction of the federal court.

Federal district courts generally cannot sit in review of state court judicial proceedings, since the federal courts are not a forum for appealing state court decisions. A United States District Court "has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in [the United States Supreme Court]." *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-416 (1923); *see also Hays v. Hays*, 789 F.Supp. 378, 379-380 (M.D. Fla. 1992) (citing *Staley v. Ledbetter*, 837

F.2d 1016, 1017-1018 (11th Cir. 1988) (district court lacked jurisdiction to hear a constitutional claim which essentially sought to reverse a state court's custody determination)). Nor, under the *Rooker-Feldman* doctrine, may a federal court "decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment." *See Datz v. Kilgore*, 51 F.3d 252, 253 (11th Cir. 1995) (a federal court may not decide federal issues that are raised in state proceedings and "inextricably intertwined" with the state court's judgment).

Here, it is not clear in what stage Plaintiff's workers compensation is, but it is clear that there is a state judicial proceeding (OJCC Case No. 11-005681TWS) that is in progress. If Plaintiff is unhappy with the outcome of the mediation or some other "meeting" then his judicial remedies, if any, lie in the workers compensation state court system. If Plaintiff is appealing the outcome of the state court action, then he must appeal the decision in the state court. The Court lacks jurisdiction over Plaintiff's claims.

It is **RECOMMENDED** that Plaintiff's application to proceed *in forma pauperis* be **DENIED** and that his Complaint be **DISMISSED for lack of jurisdiction** within 14 days of any Order adopting or approving this Report and Recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 24, 2012.

    *David A. Baker*
    DAVID A. BAKER
    UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy